T.C. Memo. 1996-188

UNITED STATES TAX COURT

MANJIT S. AND RAVINDER K. AULAKH, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6764-95.              Filed April 18, 1996.

Manjit S. and Ravinder K. Aulakh, pro sese.

<u>Richard S. Goldstein</u>, <u>Lynne Camillo</u>, and <u>Bryce A. Kranzthor</u>,
for respondent.

MEMORANDUM OPINION

ARMEN, <u>Special Trial Judge</u>:  This case was assigned pursuant
to the provisions of section 7443A(b)(3) and Rules 180, 181, and
182.[1]

---

[1] Unless otherwise indicated, all section references are to
the Internal Revenue Code, and all Rule references are to the Tax
Court Rules of Practice and Procedure.

This matter is before the Court on respondent's Motion to Dismiss for Lack of Jurisdiction. Although respondent contends that this case must be dismissed on the ground that Manjit S. and Ravinder K. Aulakh (petitioners) failed to file their petition with this Court within the time prescribed by section 6213(a), petitioners argue that dismissal should be based on respondent's failure to issue a valid notice of deficiency under section 6212. There being no dispute that we lack jurisdiction over the petition filed herein, we must resolve the parties' dispute respecting the proper ground for dismissal.

Background

On June 16, 1994, respondent mailed a joint notice of deficiency to petitioners. In the notice, respondent determined a deficiency in petitioners' Federal income tax for the taxable year 1992 in the amount of $8,236, as well as an accuracy-related penalty under section 6662(a) in the amount of $1,647.

The notice of deficiency was mailed to petitioners by certified mail in duplicate form at two separate addresses: (1) 318 Hale Street, San Francisco, California 94134 (the Hale St. address); and (2) 251 Girard Street, Unit 101, San Francisco, California 94134 (the Girard St. address).

The Hale St. address is the address listed on petitioners' income tax return for 1992. Petitioners filed that return with respondent on July 23, 1993. Petitioners did not file their income tax return for 1993 until November 7, 1994. Thus,

petitioners' 1992 tax return was the last tax return filed by petitioners before the notice of deficiency was issued.

The Girard St. address is the address listed by petitioners on a Form 4868 (Application for Automatic Extension of Time To File U.S. Individual Income Tax Return) in respect of the taxable year 1993. The Form 4868 was filed with respondent on April 15, 1994. The Girard St. address is also listed as the address of petitioner Manjit S. Aulakh in a stipulated decision that said petitioner executed on April 1, 1994, and that was subsequently entered by this Court in Aulakh v. Commissioner, docket No. 15875-93S.

The envelopes bearing the duplicate notices of deficiency that were mailed to the Hale St. address and to the Girard St. address were returned to respondent by the U.S. Postal Service on June 16, 1994, marked "Unclaimed".

On April 10, 1995, respondent mailed petitioners a Notice of Intent to Levy in respect of their tax liability for 1992. Petitioners attached the Notice of Intent to Levy to their imperfect petition, which was filed with the Court on May 1, 1995. Such petition was delivered to the Court in an envelope bearing a U.S. Postal Service postmark date of April 21, 1995.[2] Petitioners subsequently filed a proper amended petition.

---

[2] At the time that the petition was filed with the Court, petitioners resided at 2420 San Bruno Ave., San Francisco, CA.

As indicated, respondent filed a Motion to Dismiss For Lack of Jurisdiction in which she asserts that petitioners failed to file their petition within the 90-day period prescribed by section 6213(a). Petitioners filed an objection to respondent's motion in which they assert that the notice of deficiency was not mailed to them at their last known address. In this objection, petitioners identify their last known address as 2420 San Bruno Ave., San Francisco, California. Respondent filed a response to petitioners' objection in which she asserts that the notice of deficiency was mailed to petitioners at their last known address.

Hearings were conducted in this case in Washington, D.C. Counsel for respondent appeared at the hearings and presented argument in support of the pending motion. Although petitioners did not appear at the hearings, they did file a written statement with the Court pursuant to Rule 50(c).

Discussion

This Court's jurisdiction to redetermine a deficiency depends upon the issuance of a valid notice of deficiency and a timely filed petition. Rule 13(a), (c); Monge v. Commissioner, 93 T.C. 22, 27 (1989); Normac, Inc. v. Commissioner, 90 T.C. 142, 147 (1988). Section 6212(a) expressly authorizes the Commissioner after determining a deficiency to send a notice of deficiency to the taxpayer by certified or registered mail. It is sufficient for jurisdictional purposes if respondent mails the

notice of deficiency to the taxpayer at the taxpayer's "last known address." Sec. 6212(b); Frieling v. Commissioner, 81 T.C. 42, 52 (1983). If a notice of deficiency is mailed by certified or registered mail to a taxpayer at the taxpayer's last known address, it is valid even if the taxpayer does not actually receive it. King v. Commissioner, 857 F.2d 676, 679 (9th Cir. 1988), affg. 88 T.C. 1042 (1987); Yusko v. Commissioner, 89 T.C. 806, 810 (1987); Frieling v. Commissioner, supra at 52. In turn, the taxpayer generally has 90 days from the date that the notice of deficiency is mailed to file a petition in this Court for a redetermination of the deficiency. Sec. 6213(a).

Respondent mailed the duplicate notices of deficiency involved herein on June 16, 1994. The petition was postmarked April 21, 1995, and was filed by the Court on May 1, 1995. Given the fact that the petition was neither mailed nor filed before the expiration of the 90-day statutory period for filing a timely petition, it follows that we lack jurisdiction over the petition. Secs. 6213(a), 7502; Rule 13(a), (c); see Normac, Inc. v. Commissioner, supra.

The question presented is whether the dismissal of the present case should be premised on petitioners' failure to file a timely petition under section 6213(a) or on respondent's failure to issue a valid notice of deficiency under section 6212. In this regard, petitioners contend that respondent failed to mail

the notice of deficiency to them at their last known address.  We disagree.

Although the phrase "last known address" is not defined in the Internal Revenue Code or in the regulations thereunder, we have held that a taxpayer's last known address is the address shown on the taxpayer's most recently filed return, absent clear and concise notice of a change of address.  Abeles v. Commissioner, 91 T.C. 1019, 1035 (1988); see King v. Commissioner, supra at 681.  The burden of proving that a notice of deficiency was not sent to a taxpayer at the taxpayer's last known address is on the taxpayer.  Yusko v. Commissioner, supra at 808.

Contrary to petitioners' view of the matter, we conclude that the notice of deficiency was mailed to them at their last known address.  In this regard, respondent mailed duplicate notices of deficiency to petitioners.  One of the notices was mailed to the address appearing on their 1992 tax return (the Hale St. address) and the other notice was mailed to the address appearing on the Form 4868 (in respect of the taxable year 1993) that petitioners filed with respondent on April 15, 1994 (the Girard St. address).  The record clearly shows that petitioners' 1992 tax return was the last tax return that petitioners filed before the notice of deficiency was issued.  Moreover, petitioners failed to produce any evidence showing that they

provided respondent with clear and concise notification that they intended for respondent to correspond with them at any address other than either the Hale St. address or the Girard St. address.

Because the notice of deficiency was mailed to petitioners at their last known address, we shall grant respondent's Motion to Dismiss for Lack of Jurisdiction.[3]

In order to reflect the foregoing,

<u>An order will be entered granting respondent's Motion to Dismiss for Lack of Jurisdiction</u>.

---

[3] Although petitioners cannot pursue their case in this Court, they are not without a legal remedy. In short, petitioners may pay the tax, file a claim for refund with the Internal Revenue Service, and if the claim is denied, sue for a refund in the Federal District Court or the U.S. Court of Federal Claims. See <u>McCormick v. Commissioner</u>, 55 T.C. 138, 142 (1970).